UNITED STATES DISTRICT COURT   FILED
DISTRICT OF CONNECTICUT

2004 SEP -8  P 3: 02

EVERTON NOTICE,  :
:   U.S. DISTRICT COURT
    Plaintiff,  :
:
V.  :  CASE NO. 3:02CV1599(RNC)
:
CHANLER LEWIS, INC.,  :
:
    Defendant.  :

RULING AND ORDER

Plaintiff Everton Notice, an African-American of Jamaican descent, brings this action pursuant to 42 U.S.C. §§ 1981 and 2000e, alleging that he was terminated from his employment because of his race and national origin, and retaliated against by his former employer, defendant Chanler Lewis, Inc., for filing a civil rights complaint in connection with his termination. He also brings state law claims for wrongful discharge and intentional and negligent infliction of emotional distress. Defendant has filed a motion for summary judgment on the wrongful discharge claim contending that it is preempted by § 301 of the Labor-Management Relations Act and that any claim under § 301 is barred by the applicable six-month statute of limitations. I agree and therefore grant the motion.

BACKGROUND

The following facts are undisputed. In 1997, plaintiff began working for defendant as a production worker. On Friday, May 12, 2001, he was sent home early. He returned to work the following Monday, but was told at the end of his shift that his employment was terminated. Plaintiff alleges that although it

was defendant's custom and practice to give three warnings before terminating an employee, he received no warning, verbal or written.

At the time plaintiff's employment was terminated, defendant was a party to a collective bargaining agreement with Carpenters Local Union 24 of the United Brotherhood of Carpenters and Joiners of America. Plaintiff contacted his union representative, who filed a grievance protesting the termination. Plaintiff was later told that, as a result of the grievance, defendant had agreed to offer him the next available production class position. Plaintiff denies that he assented to the terms of the settlement agreement.

In September 2001, plaintiff filed an unfair labor practices charge with the National Labor Relations Board against the union, alleging that the union had failed to properly represent him and process his grievance against the defendant. The charge was later withdrawn.

DISCUSSION

Section 301 provides for federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). This text "has been read to pre-empt state-court resolution of disputes turning on the rights of parties under collective-bargaining agreements." Livadas v. Bradshaw, 512 U.S. 107, 114-15 (1994). Section 301 preemption aims to ensure that common terms in labor agreements do not receive differing

2

interpretations. Id. at 122. It does not attempt to regulate the "substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 (1988). Thus, "it is the legal character of a claim, as 'independent' of rights under a collective-bargaining agreement . . . that decides whether a state cause of action may go forward . . . [and] when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished . . . ." Livadas, 512 U.S. at 123-24; see also Foy v. Pratt & Whitney Group, 127 F.3d 229, 233 (2d Cir. 1997).

Defendant contends that plaintiff's wrongful discharge claim is preempted by § 301 because it cannot be adjudicated without interpreting the collective bargaining agreement. I agree. To prevail on this claim, plaintiff must prove that defendant undertook a "form of actual contract commitment to him under which he could not be terminated without just cause." Torosyan v. Boehringer Ingelheim Pharms., Inc., 234 Conn. 1, 15 (1995). The collective bargaining agreement does not contain a just cause provision, but it does provide for a grievance and arbitration process, which might support a reasonable inference that plaintiff could not be terminated without just cause. See, e.g., SFIC Props., Inc. v. International Ass'n of Mach. & Aerospace

Workers, 103 F.3d 923, 926 (9th Cir. 1996); Smith v. Kerrville Bus Co., 709 F.2d 914, 917 (5th Cir. 1983). Whether such a requirement should be inferred requires interpretation of the collective bargaining agreement. Therefore, plaintiff's wrongful discharge claim is preempted by § 301.

When a state law claim is found to be preempted by § 301, the claim "must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. V. Lueck, 471 U.S. 202, 220 (1985) (citation omitted). Actions brought pursuant to § 301 must be "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Accordingly, plaintiff's wrongful discharge claim must be construed as a § 301 claim for violation of the collective bargaining agreement.

Defendant contends that plaintiff's cause of action, as thus construed, is governed by the six month statute of limitations for "hybrid claims" in § 10(b) of the National Labor Relations Act. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983). A hybrid claim is one in which "an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." McKee v. Transco Products, Inc., 874 F.2d 83, 86 (2d Cir. 1989). A claim may be hybrid in nature even though only the employer is named as a defendant. Id. A plaintiff "cannot circumvent the six-month limitations period for hybrid actions by choosing to sue only

4

[his] employer." Id.

In McKee, the plaintiffs were fired for failing to leave their work site after completing an assignment. Id. at 84. Dissatisfied with the union's processing of their grievance, they filed an unfair labor practice charge against the union with the NLRB, but then withdrew it. Id. at 84-85. They later brought suit against the employer only. Id. at 85. The Court of Appeals held that the claim was a hybrid one subject to the six month statute of limitations. Id. at 84, 87.

Given the basic similarity between this case and McKee, I conclude that the six-month limitation applies to plaintiff's wrongful discharge claim. The claim was filed on September 10, 2002, almost sixteen months after the discharge. Thus, the claim is time-barred.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [Doc. #25] on the third count of the complaint is hereby granted.

So ordered.

Dated at Hartford, Connecticut this 8th day of September 2004.

Robert N. Chatigny
United States District Judge